UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MALEK KALID PTAH,

                Plaintiff,

v.

FRANKE BERGER, *et al.*,

                Defendants.

CASE NO. 2:24-cv-00252-RAJ-DWC

REPORT AND RECOMMENDATION

Noting Date: May 24, 2024

This prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 has been referred to United States Magistrate Judge David W. Christel. Plaintiff Malek Ptah, proceeding *pro se*, filed a motion to proceed in this action *in forma pauperis* ("IFP") (Dkt. 6) and a proposed civil rights Complaint (Dkt. 6-3). The undersigned finds Plaintiff's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) and therefore recommends this action be dismissed without prejudice and the IFP motion (Dkt. 6) be denied as moot.

I. **Factual Background**

The Court previously summarized the factual background in this action as follows:

    Plaintiff's claims and factual allegations arise out of his state-court prosecution and ultimate conviction for two counts of second-degree assault with

REPORT AND RECOMMENDATION - 1

firearm enhancements and two counts of theft of a firearm. Dkt. 6-3 at 5–14; *see also State v. Ptah*, King County Superior Court, Case No: 16-1-06734-1; *State v. Ptah*, 13 Wash. App. 2d 1115, 2020 WL 3579805 (2020) (direct appeal). Plaintiff's allegations are organized into three counts.

     In Count I, Plaintiff alleges Police Officer Franke Berger elicited incriminating statements from him without first appraising him of his *Miranda* rights. Dkt. 6-3 at 4–6. According to Plaintiff, he was subject to a barrage of questions from Officer Berger after he was detained and subject to a pat-down search. *Id.* at 4–6. Plaintiff also alleges Officer Berger recorded false information in his investigative report and case summary. *Id.* at 5. Plaintiff states his unmirandized statements, Officer Berger's false report and summary, and other false testimony by the officer were improperly admitted into evidence, causing substantial prejudice at trial and at sentencing. *Id.* at 5–6.

     In Count II, Plaintiff alleges King County Prosecutor Brad Bales withheld exculpatory evidence capable of influencing the outcome at trial and at sentencing *Id.* at 7–9. Plaintiff also alleges the prosecutor knowingly elicited false testimony from Officer Berger and presented other false evidence to the jury. *Id.* at 7. According to Plaintiff, Prosecutor Bales also conspired with defense counsel to hide evidence and to prevent Plaintiff from presenting a meaningful defense at trial. *Id.* at 7–9.

     In Count III, Plaintiff claims his defense counsel was ineffective and actively sabotaged his case due to the attorney's alleged racial bias. *Id.* at 9–11.

     As relief, Plaintiff requests $3 million in compensatory damages, his immediate release from incarceration, and the discharge of his state-court convictions. *Id.* at 12. Plaintiff also requests injunctive relief aimed at the way King County Superior Court and other State of Washington courts treat individuals with mental health disabilities. *Id.*

Dkt. 7 at 1–3 (footnote omitted).

## II. Procedural Background

On April 8, 2024, the Court screened Plaintiff's Complaint and found several deficiencies preventing him from stating a cognizable claim. *Id.* at 4–6. Most importantly, the Court found Plaintiff's claims were likely barred by the *Heck* doctrine because, if successful, each of his § 1983 claims would undermine the validity of his state-court conviction. *Id.* Plaintiff was advised the *Heck* doctrine bars such claims unless and until the relevant state-court conviction has been invalidated. *Id.*

REPORT AND RECOMMENDATION - 2

The Court then ordered Plaintiff to show cause why his claims should not be dismissed as *Heck* barred. *Id.* at 6. In addition, the Court informed Plaintiff he may instead choose to voluntarily dismiss his § 1983 action and seek federal habeas relief in separate case after exhausting his state court remedies. *Id.* Plaintiff was also informed he should only bring his claims in a § 1983 action if his state-court conviction and sentence were invalidated during the habeas process. *Id.*

In response to the Court's Order (Dkt. 7), Plaintiff filed a memorandum explaining why Plaintiff should be permitted to pursue his claims for damages in a § 1983 action (Dkt. 8) and filed what the court interprets as a proposed habeas petition. Dkt. 9. The Court addresses the memorandum (Dkt.8) below and finds the proposed habeas petition (Dkt. 9) does not correct the deficiencies in the Complaint. As indicated in the Court's Order (Dkt.7), if Plaintiff would like to pursue his claims in a habeas action, he must file a separate case and use the proper form. The Court directs the Clerk of Court to send Plaintiff the appropriate forms for filing a 28 U.S.C. § 2254 habeas petition and for applying for leave to proceed *in forma pauperis* in a separate action.

### III.    Legal Standard

Under the Prison Litigation Reform Act of 1996, the Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). *See also* 28 U.S.C. §1915(e)(2)(B); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To sustain a 42 U.S.C. § 1983 claim, Plaintiff must show he suffered a violation of rights protected by the Constitution or created by federal statute, and that the violation was proximately

caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Plaintiff must provide more than conclusory allegations; he must set forth specific, plausible facts to support his claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–83 (2009).

After informing a *pro se* litigant of any pleading deficiencies, a court must generally grant leave to file an amended complaint if there is a possibility the pleading deficiencies may be cured through amendment. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, if the claims put forth in the complaint lack any arguable substance in law or fact, then the complaint must be dismissed as frivolous. 28 U.S.C. § 1915A(b); *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a *pro se* complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988)).

**IV.    Discussion**

Plaintiff argues he should be permitted to pursue his § 1983 claims for damages in accordance with the Supreme Court's decision in *Monroe v. Pape*, 365 U.S. 167 (1961). Dkt. 8. Plaintiff argues the availability of state-court remedies should not prevent him seeking monetary relief on his § 1983 claims in federal court. *Id.* at 3.

Plaintiff's reliance on *Monroe v. Pape* is misplaced. That decision dealt with the question of whether a plaintiff needs to exhaust civil remedies available in state law before seeking relief in federal court under § 1983. It explained that, generally, exhaustion of state judicial or administrative remedies is not a prerequisite to bringing an action under § 1983. *Monroe v. Pape*, 365 U.S. 167, 183 (1961) ("The federal remedy is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked."), *overruled on other*

1  *grounds by Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *see also Patsy v. Bd. of Regents*, 457 U.S. 496, 500 (1982) ("[W]e have on numerous occasions rejected the argument that a § 1983 action should be dismissed where the plaintiff has not exhausted state administrative remedies."). However, when a state prisoner's otherwise valid § 1983 complaint seeks release from confinement, the prisoner must seek relief by filing a federal habeas petition, which <u>does</u> require the exhaustion of state remedies. *Preiser*, 411 U.S. at 500. Likewise, if a prisoner's § 1983 claims would undermine the validity of their conviction or sentence, the prisoner must first demonstrate that the conviction or sentence has been successfully overturned. *See Edwards v. Balisok*, 520 U.S. 641, 646–48 (1997); *Heck*, 512 U.S. at 483–87. This is true regardless of whether the plaintiff seeks release from incarceration in their § 1983 action.

As Plaintiff is still incarcerated, he cannot demonstrate his state-court conviction and sentence have been overturned. Moreover, as Plaintiff maintains his claims "caused substantial prejudice and influenc[ed] state outcomes at trial and sentencing," his claims seek to invalidate his conviction or sentence and must therefore be brought in a habeas petition. He has thus failed to show cause why this action should not be dismissed under the *Heck* doctrine. Accordingly, this action should be dismissed without prejudice as *Heck* barred.

### V. Conclusion

For the reasons outlined above, the undersigned recommends this action be dismissed without prejudice as *Heck* barred and Plaintiff's IFP motion (Dkt. 6) be denied as moot.

As previously explained, if Plaintiff wishes to pursue monetary relief on his § 1983 claims, he must first seek to invalidate his state-court conviction and sentence in a federal habeas petition filed pursuant to 28 U.S.C. § 2254 after exhausting his state court remedies. If at any

point through his habeas proceedings Plaintiff's conviction is invalidated, only then may he file his damages claims under § 1983.

As it appears Plaintiff intends to pursue his claims in a federal habeas action, the Clerk of Court is directed to send Plaintiff the appropriate forms for filing a 28 U.S.C. § 2254 habeas petition and for applying for leave to proceed *in forma pauperis* in a separate action.

Finally, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 24, 2024, as noted in the caption.

Dated this 9th day of May, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6